2000 OK JUD ETH 8.

**JUDICIAL ETHICS OPINION 2000–8.**

No. 2000–8.

Oklahoma Judicial Ethics Advisory Panel.

Nov. 14, 2000.

¶ 0 QUESTION 1: May a judicial appointee sell his/her legal practice to attorneys, one of whom will be bringing the judicial appointee's cases into the court of which he/she will be part of a panel?

¶ 1 SPECIFIC FACTS: A sole practitioner has been appointed to a judicial position. The practice, consisting of two separate areas of expertise, is sold to separate attorneys, one of which is in the area where the judicial appointee is a member of a judicial panel. The other area of expertise involves cases that will never be presented to the judicial appointee. The sale price is based on a percent of the earned fee in cases specified in the sales contract and is to be paid as each of the specified cases is settled or tried and the fee received. The judicial appointee understands that he/she cannot practice law after the judicial appointment and has sold the practice of law pursuant to "Rules of Professional Conduct", (Title 5, Chapter 1, Appendix 3A, Rule 1.7).

¶ 2 WE ANSWER: YES.

¶ 3 Canon 4D(1): "A judge should not engage in financial and business dealings that:

 .... (b) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves."

¶ 4 Canon 3E(1): "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned ..."

¶ 5 None of the Canons in the Code of Judicial Conduct prevent a judicial appointee from selling his/her practice of law to attorneys either before or after taking the oath of office. Several peripheral questions arise with rather obvious answers. The judge cannot practice law and that means that the judge can in no way participate in any of the pending cases that have been transferred to the purchasing attorney. A

judge cannot hear any of the cases from the judge's former law practice, nor sit as part of a panel when any of the cases are presented.

 ¶ 6 If the attorney to whom the practice was sold appears before the judge in cases other than those transferred by the judge, the judge should make known to adverse counsel the business relationship between the judge and the attorney. Such a disclosure should be continued so long as there is a business relationship between the judge and the attorney and for so long as the judge's impartiality might reasonably be questioned.

¶ 7 Robert L. Bailey, Chairman.

¶ 8 Robert A. Layden, Vice–Chairman.

¶ 6 Milton C. Craig, Secretary.